IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADVANCIA AHTNA JV, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-00434-PRW |
| | ) |
| MICHAEL L. ANDERSON, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Advancia Ahtna JV, LLC's Motion for Remand (Dkt. 2), seeking an order remanding this case to Oklahoma County District Court pursuant to a forum-selection clause. Defendant Michael L. Anderson, Inc. responded (Dkt. 5), and Plaintiff replied (Dkt. 6). For the reasons given below, the Motion (Dkt. 2) is **GRANTED** in part and **DENIED** in part.

### *Background*[1]

In November 2020, Plaintiff Advancia Ahtna JV, LLC—an Oklahoma limited liability company—subcontracted with Defendant Michael L. Anderson, Inc.—a Florida corporation, doing business as Anderson Marine—for construction services on a marine-associated construction project. Under the parties' written agreement, Defendant was to repair a concrete dock, boat house, concrete seawall, and timber dock at the NMFS Panama

---

[1] At this stage in the proceedings, the Court accepts Plaintiff's well-pleaded allegations as true, so this section reflects Plaintiff's account.

1

City Laboratory. By June 2021, however, Plaintiff grew concerned that Defendant would not timely complete the repairs. After a letter of concern and then a notice to cure defaults, Plaintiff ultimately terminated the parties' agreement by written letter. Plaintiff also assessed the work Defendant had completed, finding that certain portions of the project were cracking, poorly finished, or unfinished altogether.

At the time of termination, Plaintiff asked Defendant to provide documentation for certain materials and labor performed before termination: Plaintiff received an invoice for $12,035.18 in material costs and an invoice for $83,140 in labor costs. But according to Plaintiff, the labor invoice included work for portions of the project that were either incomplete or not accepted by Plaintiff due to quality and design-compliance issues. Despite this dispute over the labor invoice, Plaintiff paid Defendant for the undisputed materials invoice. A week later, however, Plaintiff inadvertently paid Defendant (a second time) for the materials invoice, as well as for the amount Defendant claimed to be due under the labor invoice. Plaintiff demanded return of the overpayment, but it alleges that Defendant has retained the entire amount.

After the parties failed to resolve their dispute under the dispute-resolution clause of their written agreement, on March 24, 2022, Plaintiff sued Defendant in Oklahoma County District Court for breach of contract, unjust enrichment, and conversion. Plaintiff seeks actual damages in excess of $75,000 and punitive damages of $500,000 on the breach-of-contract claim, alleging that Defendant's work didn't meet Plaintiff's specifications and standards, and that Defendant failed to adhere to the repair schedule. And based on the alleged overpayment, Plaintiff seeks $74,185.18 on the unjust-

enrichment claim and an amount in excess of $75,000 plus punitive damages of $500,000 on the conversion claim.

More than thirty days after Defendant was served, Defendant received Plaintiff's response to a request for admission that asked whether any of Plaintiff's members were Florida citizens for the purpose of 28 U.S.C. § 1332. Defendant filed a notice of removal the next day on May 27, 2022. On June 17, 2022, Plaintiff filed a motion to remand the case to Oklahoma County District Court pursuant to a forum-selection clause in the parties' written agreement. The issues for the Court are (1) whether the claims are governed by an enforceable forum-selection clause and (2) whether Defendant's notice of removal was timely.

## *Legal Standard*

Federal law provides litigants a statutory right to remove a civil action from state to federal court.[2] Parties can waive this statutory right, but such a waiver "must be clear and unequivocal."[3] One method of clearly and unequivocally waiving the right to remove a civil action to federal court is through a mandatory forum-selection clause.[4] When a contract contains a valid, mandatory forum-selection clause, the clause "will be enforced unless enforcement is shown by the resisting party to be unreasonable under the

---

[2] 28 U.S.C. § 1441(a).

[3] *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992).

[4] *Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 927 (10th Cir. 2005) ("Because the forum selection clause at issue is mandatory, [the defendant] unequivocally waived its right to remove this lawsuit to federal court.").

circumstances."[5] A mandatory forum-selection clause requires remand, while a permissive forum selection clause may or may not result in remand.[6]

## Discussion

The Court will address the scope and enforceability of the forum-selection clause before turning to whether Defendant's notice of removal was timely.[7]

*I. The forum-selection clause covers the breach-of-contract claim but not the claims for unjust enrichment and conversion.*

Defendant doesn't dispute that the forum-selection clause is valid and that, if applicable and enforceable, is mandatory in nature. Therefore, if the claims fall within the scope of the forum-selection clause and Defendant fails to show why the clause shouldn't be enforced, the only forum in which the claims may be brought is in Oklahoma state court.

---

[5] *Milk 'N' More, Inc.*, 963 F.2d at 1346; *Am. Soda, LLP*, 428 F.3d at 927.

[6] *See Am. Soda, LLP*, 428 F.3d at 926–27 ("The difference between a mandatory and permissive forum selection clause is that mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum. In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere.") (internal quotations and citations omitted).

[7] In making choice-of-law determinations in a diversity case, the Court applies Oklahoma's choice-of-law rules. *Shearson Lehman Bros., Inc. v. M & L Invs.*, 10 F.3d 1510 (10th Cir. 1993). "[I]n Oklahoma, the established choice of law rule in contract actions known as *lex loci contractus* is that, *unless the contract terms provide otherwise*, the nature, validity, and interpretation of a contract are governed by the law where the contract was made." *See Harvell v. Goodyear Tire & Rubber Co.*, 164 P.3d 1028, 1033–34 (Okla. 2006) (emphasis added) (footnotes omitted); *see also Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1236 (10th Cir. 2007). In this case, the agreement clearly and unambiguously provides that it "shall be interpreted by the laws of the State of Oklahoma." Pl.'s Mot. (Dkt. 2, Ex. 1), § 14. The Court also notes that "[i]n this circuit, forum-selection clauses are . . . construed according to the governing law selected in the contract," *Kelvion, Inc. v. PetroChina Canada Ltd.*, 918 F.3d 1088, 1092 n.2 (10th Cir. 2019) (citation omitted), and further that the parties do not dispute that Oklahoma law controls. For all these reasons, the Court applies Oklahoma law.

Determining the scope of a forum-selection clause is a matter of contract interpretation,[8] and "[t]he starting point, of course, is the language of the clause itself."[9] The forum-selection clause is found at § 14 of the agreement:

> **14. <u>Disputes</u>.** Any controversy or claim *arising out of or relating to* this Agreement, or the breach of the same, shall be settled through consultation and negotiation in good faith and a spirit of mutual cooperation. However, if those attempts fail after thirty (30) days, or longer, if the parties mutually agree in writing, the parties agree that any interpretation, action at law or judicial proceeding *for the enforcement of* this Agreement or any provision thereof shall be instituted only in the courts of the State of Oklahoma, and it is mutually agreed that this Agreement shall be interpreted by the laws of the State of Oklahoma, both as to interpretation and performance.[10]

The parties' primary disagreement concerns the interplay between the first and second sentences. The first sentence requires that the parties, before resorting to litigation, attempt to resolve "[a]ny controversy or claim *arising out of or relating to* this Agreement, or the breach of the same, . . . through consultation and negotiation in good faith and a spirit of mutual cooperation."[11] But rather than mirroring that broad language of the dispute-resolution clause, the parties chose narrower language for the forum-selection clause: "[T]he parties agree that any interpretation, action at law or judicial proceeding *for the enforcement of* this Agreement or any provision thereof shall be instituted only in the

---

[8] *Kelvion, Inc.*, 918 F.3d at 1092 ("The scope of a forum-selection clause is evaluated according to ordinary principles of contractual interpretation.").

[9] 14D Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3803.1 (4th ed. 2022).

[10] Pl.'s Mot. (Dkt. 2, Ex. 1), § 14 (emphasis added).

[11] *Id.* (emphasis added).

courts of the State of Oklahoma."[12] A plain reading of the forum-selection clause shows that it applies only to claims "for the enforcement of [the parties'] Agreement."

Plaintiff seeks to avoid this reading of the clause. First, says Plaintiff, the phrase "for the enforcement of this Agreement or any provision thereof" modifies only "judicial proceeding" and not "interpretation" or "action at law." This is because applying the phrase to "interpretation" is non-sensical, "as one does not perform an 'interpretation' for the enforcement of an agreement."[13] But Plaintiff's reading of the clause is problematic. The phrase "interpretation . . . for the enforcement of [the] Agreement" could be fairly read to sweep in declaratory-judgment actions, so the Court doesn't consider Defendant's reading "non-sensical." And Plaintiff's reading would untether the word "interpretation" from "this Agreement or any provision thereof," jumping straight to the imperative "shall be instituted": "[T]he parties agree that any interpretation, ~~action at law or judicial proceeding for the enforcement of this Agreement or any provision thereof~~ shall be instituted only in the courts of the State of Oklahoma . . . ." Under ordinary rules of grammar, the postpositive modifier "for the enforcement of this Agreement or any provision thereof" applies to the three words preceding it: "interpretation," "action at law," and "judicial proceeding."[14]

---

[12] *Id.* (emphasis added).

[13] Pl.'s Reply (Dkt. 6), at 3.

[14] *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 148–49 (2012); *see also Alpern v. Ferebee*, 949 F.3d 546, 550 (10th Cir. 2020) ("[W]hen there is a straightforward, parallel construction that involves all nouns or verbs in a series, a prepositive or postpositive modifier normally applies to the entire series.") (internal quotations omitted). This reading does not, as Plaintiff argues, "render the latter half of the same sentence superfluous: 'and it is mutually agreed that this Agreement shall be interpreted by the laws of the State of Oklahoma, both as to interpretation.'" Pl.'s Reply

6

Second, Plaintiff argues that the context of the forum-selection clause mandates a broad reading. Recall that the dispute-resolution provision requires that "[a]ny controversy or claim *arising out of or relating to* this Agreement, or the breach of the same, shall be settled through consultation and negotiation in good faith and a spirit of mutual cooperation." The forum-selection clause then provides that "if those attempts fail," the parties agree to litigate a subset of their claims in Oklahoma state court. Plaintiff argues that because "those attempts" refers to attempts to resolve "any controversy or claim arising out of or relating to this Agreement," the parties intended that broad phrasing to govern the forum-selection clause that follows it. But even if the parties intended the pre-suit dispute-resolution requirement to encompass all claims relating to the agreement (including claims to enforce the agreement), it doesn't follow that the parties intended that broad requirement to control the scope of the forum-selection clause. Indeed, the fact that the forum-selection clause doesn't mirror the dispute-resolution provision's broad language shows that the parties *did not* intend the meaning that Plaintiff now urges.[15] For these reasons, the Court finds that the scope of the forum-selection clause is limited to claims for the enforcement of the parties' agreement.

The parties don't dispute that the breach-of-contract claim is "for the enforcement of [their] Agreement" and thus falls within the plain language of the forum-selection

---

(Dkt. 6), at 3. That is the choice-of-law provision, which is independent of the forum-selection clause preceding it.

[15] *See Sullivan v. Gray*, 78 P.2d 688, 690 (Okla. 1938); Okla. Stat. tit. 15, § 157 ("The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the others.").

clause. And Plaintiff doesn't refute Defendant's contention that the claims for unjust enrichment and conversion, while falling into the "action at law" category, are not for the enforcement of the agreement. Those two claims, therefore, fall outside the forum-selection clause's scope and may be litigated in federal court.

   II.   *The forum-selection clause is enforceable.*

Because one of Plaintiff's claims falls within the scope of the forum-selection clause, the Court turns to Defendant's arguments regarding enforceability.

Immediately following the dispute-resolution language, the forum-selection clause specifies that "if those attempts fail after thirty (30) days, or longer, *if the parties mutually agree in writing*, the parties agree that any interpretation, action at law or judicial proceeding for the enforcement of this Agreement or any provision thereof shall be instituted only in the courts of the State of Oklahoma." According to Defendant, the clause "is drafted in such a way as to create ambiguity over whether the parties actually agreed to litigate actions for the enforcement of the Agreement only in the courts of the State of Oklahoma."[16] Defendant argues that, because a comma follows the phrase "or longer," it's unclear whether the phrase "if the parties mutually agree in writing" modifies "thirty (30) days, or longer," or the following clause requiring certain claims to be brought only in state court. Under Defendant's reading of the clause, the forum-selection clause would become enforceable only upon executing a separate written agreement.

---

[16] Def.'s Resp. (Dkt. 5), at 6.

Contrary to Defendant's assertion, the comma's presence does not render the clause ambiguous or require the parties to have entered into a separate written agreement. First, under Defendant's reading of the clause, the thirty-day requirement would have no effect— the parties would be required to negotiate in good faith for thirty days *or longer*, which is effectively an unlimited duration.[17] And second, Defendant's interpretation renders the second "agree" superfluous—"if the parties mutually agree in writing, the parties agree that . . . ."[18] The only permissible reading of the sentence is that the clause "if the parties mutually agree in writing" allows the parties to extend the thirty-day negotiation period.

Because the Court finds that the forum-selection clause is enforceable, it "will be enforced unless enforcement is shown by [Defendant] to be unreasonable under the circumstances."[19] Aside from the prior-written-agreement argument, Defendant asserts that "[w]here a Plaintiff brings multiple claims, some of which are subject to remand based upon a forum selection clause, and some of which are not, the court must deny a motion to remand based upon the forum selection clause."[20] But Defendant does not further develop

---

[17] *See* Okla. Stat. tit. 15, § 157 ("The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the others.").

[18] *See id.*; *see also* Scalia & Garner, *supra* note 14, at 174 ("If possible, every word and every provision is to be given effect . . . . None should be ignored. None should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence.").

[19] *See Milk 'N' More, Inc.*, 963 F.2d at 1346; *Am. Soda, LLP*, 428 F.3d at 927.

[20] Def.'s Resp. (Dkt. 5), at 2–3 (citing *RK Dixon Co. v. Dealer Mktg. Servs., Inc.*, 284 F. Supp. 2d 1204, 1213 (S.D. Iowa 2003)).

this argument, and the case Defendant cites for this proposition is nonbinding and unpersuasive.[21]

In sum, Defendant hasn't shown that enforcing the parties' valid forum-selection clause would be unreasonable under the circumstances. The Court will thus enforce the clause in accordance with the parties' written agreement.[22] So, if Defendant timely filed the notice of removal, the breach-of-contract claim will be remanded to Oklahoma County District Court, and the two claims not within the scope of the forum-selection clause will remain in federal court.[23]

---

[21] *See Wisconsin Freeze Dried LLC v. Redline Chambers, Inc.*, 375 F. Supp. 3d 1038, 1044 (E.D. Wis. 2019) ("*RK Dixon* seem[s] to be based on the premise that a remand to enforce a forum-selection clause is no different than a remand for lack of subject-matter jurisdiction or a defect in the removal procedure—that is, is no different than a remand under 28 U.S.C. § 1447. But a motion to remand based on a forum-selection clause is not a remand under § 1447. . . . Instead, it is a remand under a judge-made rule that allows a federal court to implement substantive contract law. . . . Although . . . *RK Dixon* import[s] a limit under § 1447 into the forum-selection-clause context, [it] do[es] not identify any sound basis for doing so, and I can think of none."); *City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1095 (10th Cir. 2017) ("[T]he following grounds fall outside the 'any defect' group [under § 1447(c)]: . . . (4) waiver of the federal forum in a forum-selection clause . . . ."); *Auto. Mechanics Loc. 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 743 (7th Cir. 2007) ("Enforcement of a forum selection clause . . . is not jurisdictional."); *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999) ("A remand based on a forum selection clause depends on an adjudication of the meaning of the clause, a determination that is external to the removal process.").

[22] *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 66 (2013) ("When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. . . . In all but the most unusual cases, . . . 'the interest of justice' is served by holding parties to their bargain.").

[23] The Court has jurisdiction over the unjust-enrichment and conversion claims pursuant to 28 U.S.C. § 1332.

III.    *Defendant's notice of removal was timely.*

Under 28 U.S.C. § 1446(b), Defendant had thirty days to remove the action to federal court. But the thirty-day clock didn't begin to run until Plaintiff provided Defendant "with 'clear and unequivocal notice' that the suit [was] removable."[24] That "clear and unequivocal notice" can come from the initial pleading itself, or from a subsequent "other paper."[25]

Plaintiff argues that Defendant's removal notice was untimely since it was filed forty-three days after service of process, and the Petition provided Defendant with all necessary information to ascertain removability. According to Plaintiff, "[b]ased on the plain language of the Petition," which stated that Plaintiff is an Oklahoma limited liability company, "Defendant could have immediately asserted diversity jurisdiction . . . and sought removal."[26] But the citizenship of a limited liability company is determined by the citizenship of its members, not by the state in which the LLC is registered.[27] The Petition did not indicate Plaintiff's members' citizenship, so it did not provide "clear and unequivocal notice" of Defendant's right to remove. Plaintiff's argument is thus without merit.

---

[24] *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1269 (10th Cir. 2016) (quoting *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998)).

[25] *Akin*, 156 F.3d at 1036.

[26] Pl.'s Mot. (Dkt. 2), at 7.

[27] *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015); *Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1176 (10th Cir. 2015), *as amended* (Jan. 27, 2015), *aff'd sub nom. Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378 (2016).

Plaintiff nevertheless argues that, based on its LLC status, Defendant should have known from the Petition that "diversity was at issue," and it would in "inequitable" to allow Defendant to remove the action on its own timeline.[28] This is because "Defendant, acting in good faith to determine the identity of [Plaintiff's] members, could have at any time contact[ed] counsel for [Plaintiff]."[29] Tenth Circuit precedent is clear, however, that a defendant has no "duty to investigate and determine removability," even if "the initial pleading indicates that the right to remove *may* exist."[30] Rather, there must be "clear and unequivocal notice from the pleading itself, or a subsequent 'other paper' such as an answer to interrogatory."[31] Defendant received clear and unequivocal notice on May 26, 2022, when it received Plaintiff's response to a request for admission stating that none of its members were citizens of the State of Florida for diversity purposes. Because Defendant filed its removal notice just one day after receiving clear and unequivocal notice of Plaintiff's members' citizenship, the removal notice was timely under 28 U.S.C. § 1446(b).

---

[28] Pl.'s Mot. (Dkt. 2), at 6–7.

[29] *Id.* at 7.

[30] *See Akin*, 156 F.3d at 1036; *see also Paros Properties LLC*, 835 F.3d at 1269 ("Any time the plaintiff wishes to start the 30-day clock, it can provide the defendant with an unambiguous notice of what is being claimed. For similar reasons, other circuits have held that they will not inquire into a defendant's subjective knowledge or what the defendant should have inferred from an investigation or a review of its files.").

[31] *Akin*, 156 F.3d at 1036.

*Conclusion*

For the reasons given above, Plaintiff's Motion for Remand (Dkt. 2) is **GRANTED** in part and **DENIED** in part.[32] Accordingly, the breach-of-contract claim is **REMANDED** to Oklahoma County District Court. Plaintiff's unjust-enrichment and conversion claims will remain in federal court.

**IT IS SO ORDERED** this 6th day of April 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[32] Plaintiff also requests an award of fees and costs incurred as a result of Defendant's removal, but the Court finds that such an award is unwarranted because Defendant did not "lack[] an objectively reasonable basis for seeking removal." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).